IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROY CESPEDES,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br><br>Civil Case No. 2:12-CV-323 TS<br><br>Criminal Case No. 2:10-CR-867 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. For the reasons discussed below, the Court will deny Petitioner's Motion.

I. BACKGROUND

On September 22, 2010, Petitioner Roy Cespedes, along with his co-defendant Nelson Medina, was charged in an Indictment with possession of methamphetamine with the intent to distribute. Petitioner pleaded guilty on November 8, 2010. On April 4, 2011, Petitioner was sentenced to the statutory minimum sentence of 120 months, and Judgment was entered the following day. Petitioner did not pursue direct appeal, but timely filed this Motion on April 2, 2012.

1

II.  DISCUSSION

Petitioner raises the following arguments in his Motion: (1) that his conviction cannot withstand scrutiny under the Tenth Amendment; (2) that he received ineffective assistance of counsel; and (3) that the statute of conviction is void for vagueness.  The government argues that Petitioner's first and third claims are barred by the collateral appeal waiver contained in Petitioner's plea agreement, and that each claim fails on the merits.

A.   COLLATERAL APPEAL WAIVER

The Tenth Circuit has established a three-part test to interpret appeal waivers, based upon contract principles.[1]  The Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[2]  The Tenth Circuit further clarified that a court is to "strictly construe the scope of appellate waivers and 'any ambiguities in these agreements are read against the Government and in favor of a defendant's appellate rights.'"[3]  Moreover, the Court is to "hold a defendant to the terms of a lawful plea agreement."[4]  With these principles in mind, the Court proceeds with its analysis.

---

[1] *United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004) (*en banc*) ("[C]ontract principles govern plea agreements.").

[2] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

[3] *Id*. (internal citations and quotations omitted).

[4] *United States v. Atterberry*, 144 F.3d 1299 (10th Cir. 1998).

*1. Scope of Appeal Waiver*

Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[5]

The Court finds that the language of the plea agreement is clear and unequivocal. Petitioner waived any right to bring a collateral attack on his sentence, including a motion brought pursuant to 28 U.S.C. § 2255. However, such a collateral appeal waiver does not prohibit ineffective assistance of counsel claims challenging the validity of the plea or the waiver.[6] Petitioner's second claim for ineffective assistance appears to challenge the validity of his plea. Therefore, the Court finds that it is not barred by the waiver and will be discussed below. Petitioner's remaining claims, however, fall within the scope of the broad waiver.

*2. Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[7] In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states

---

[5] Case No. 2:10-CR-867 TS, Docket No. 43, at 4.

[6] *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

[7] *Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

that the defendant entered the agreement knowingly and voluntarily,"[8] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[9]

The language of the plea agreement clearly states that Petitioner entered into the agreement knowingly and voluntarily. Further, the Court finds there was an adequate Rule 11 colloquy. Therefore, the Court finds that Petitioner's collateral appeal wavier was knowing and voluntary.

### 3. *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[10]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[11]

Petitioner bears the burden of establishing a miscarriage of justice.[12]

Petitioner does not raise any of these factors in his Motion and there is nothing in the record to support such a finding. Therefore, the Court finds that enforcing the waiver would not

---

[8]*Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[9]*Id.* (internal citations omitted).

[10]*Id*. at 1327 (internal citations omitted).

[11]*Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[12]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

result in a miscarriage of justice. As a result, the Court will enforce Petitioner's waiver as to his first and third claims.[13]

B.  INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's second claim alleges ineffective assistance of counsel. The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[14] A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[15] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[16] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[17]

---

[13] Even if these claims were not barred by the collateral appeal waiver, the Court would deny them on the merits. The Tenth Circuit has held that 21 U.S.C. § 841(a)(1) is a valid exercise of Congress' power under the Commerce Clause. *United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir. 1995). Further, the statute is not unconstitutionally vague as applied to Petitioner. *See United States v. Lovern*, 590 F.3d 1095, 1103 (10th Cir. 2009).

[14] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690 (1984)).

[15] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[16] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[17] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

Petitioner argues that he received ineffective assistance because his attorney coerced him into pleading guilty by misleading him on the potential penalties Petitioner faced at sentencing. Petitioner, however, offers only conclusory statements to support his claim. Petitioner's arguments are belied by the record, which clearly shows that Petitioner was advised of the potential penalties and that he understood those penalties. Thus, Petitioner has not met his burden to overcome the strong presumption that counsel provided effective assistance. Therefore, the Court must reject this argument.

## III. CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:12-CV-323 TS) is DENIED for the reasons set forth above. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:12-CV-323 TS forthwith.

DATED January 15, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge